**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Jerome Moyston</u>

    v.                                      Civil No. 09-cv-0045-PB

<u>James M. O'Mara, Superintendant,
Hillsborough County Department
of Corrections, et al.</u>

**<u>ORDER</u>**

Before the Court is Jerome Moyston's complaint (doc. no. 1) and its addenda (doc. nos. 6 & 12), filed pursuant to 42 U.S.C. § 1983, seeking damages and equitable relief from defendants. Moyston alleges violations of his rights under the First and Fourteenth Amendments, and other federal laws. The matter is before me for a preliminary review to determine, among other things, whether the Complaint (doc. nos. 1, 6 & 12) states any claim upon which relief might be granted.[1] <u>See</u> 28 U.S.C. § 1915A(a); D.N.H. Local Rule ("LR") 4.3(d)(2).

Also pending before the Court is Moyston's motion for appointment of counsel (doc. no. 5). There is no absolute

---

[1] As explained in the Report and Recommendation issued this date, I construe the Complaint in this action as consisting of the initial complaint (doc. no. 1), the First Addendum (doc. no. 6), and the Second Addendum (doc. no. 12), and the exhibits to each of these documents.

1

constitutional right to free legal representation in a civil case.  <u>Bemis v. Kelley</u>, 857 F.2d 14, 15 (1st Cir. 1988).  Rather, appointment of counsel in a civil case is left to the discretion of the court.  <u>See</u> 28 U.S.C. § 1915(d).  While Moyston has argued that the issues in this case are complicated and that he has been unable to retain a lawyer, Moyston has demonstrated his ability to present his claims cogently, to marshall documentary evidence, and to cite pertinent cases.  Under these circumstances, I conclude that appointment of counsel is unwarranted and deny the motion at this time.

For reasons set forth in the Report and Recommendation issued this date, I conclude that the following claims may be served:  the Fourteenth Amendment medical care claim (Claim I), insofar as it relates to Moyston's blood pressure, eye condition, and testicular pain; and the First Amendment retaliation claim (Claim V), relating to Moyston's ejection and exclusion from the library, lost and late mail, and the restrictions on his filing grievances.  Service of these claims shall be made upon the following defendants as specified herein:  (1) as to the medical care claim, Dr. Braga, Nurse Descar, and Nurse Ryan; and (2) as to the retaliation claim, O'Mara, Beurdoin, and Davine.  In addition, except as to the retaliation claim based on O'Mara

limiting Moyston's access to the grievance system, service of each retaliation and medical care claim shall be effected upon Dion and O'Mara in their supervisory capacities.  For reasons set forth more fully in the Report and Recommendation issued this date, I recommend dismissal of all remaining claims and defendants listed in the Complaint (doc. nos. 1, 6 & 12).

My review of the file indicates that Moyston has not completed a summons listing each defendant specified herein.  The Clerk shall provide Moyston with the necessary forms.  Plaintiff shall prepare summonses for each defendant named herein and submit them to the Clerk's office within thirty (30) days of the date of this Order.  Upon receipt of the completed summonses, the Clerk's office shall issue the summonses against defendants and forward to the United States Marshal for the District of New Hampshire (the "U.S. Marshal's office") the summonses and copies of the Complaint (doc. nos. 1, 6 & 12), the Report and Recommendation, and this Order.  Upon receipt of the necessary documentation, the U.S. Marshal's office shall effect service upon Beurdoin, Braga, Descar, Ryan, Dion, and O'Mara.  See Fed. R. Civ. P. 4(c)(2).

Defendants are instructed to answer or otherwise plead within twenty days of service.  See Fed. R. Civ. P. 12(a)(1)(A).

Moyston is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the defendants by delivering or mailing the materials to them or their attorney(s), pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: August 31, 2009

cc:  Jerome Moyston, pro se